UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STACEY YANKLOWSKI,

                              Plaintiff,

                                                              DECISION AND ORDER

                                                                10-CV-6601L

                              v.

BROCKPORT CENTRAL SCHOOL DISTRICT,
SUPERVISOR JOSEPH LA MARCA, inidivdually,

                              Defendants.
_____

On October 22, 2010, plaintiff Stacey Yanklowski ("plaintiff") initiated the instant action against Brockport Central School District (the "District"). Plaintiff, a former District employee, alleges that the District interfered with and retaliated against her in respect to her exercise of rights under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

The District now moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiff's claim for interference under the FMLA. For the following reasons, the motion to dismiss the complaint in part (Dkt. # 4) is granted, and the plaintiff's interference claim is dismissed.

## DISCUSSION

**I. Motion to Dismiss Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the party's claim for relief. *Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering whether a pleading is legally sufficient, the court must accept all well-pleaded facts as true and draw all reasonable inferences in the pleader's favor. *See Bell Atlantic v.*

*Twombly*, 550 U.S. 544, 578 (2007). However, this presumption of truth does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). The current, applicable standard for motions to dismiss requires the plaintiff's pleading to set forth sufficient facts of the claim's legal plausibility on its face. *Twombly*, 550 U.S. at 570. Ultimately, where a plaintiff has not "nudged their claim[] across the line from conceivable to plausible, their complaint must be dismissed." *Id.*

## II. Plaintiff's FMLA Interference Claim

Plaintiff alleges that the District violated the Family and Medical Leave Act ("FMLA") when it disciplined and ultimately terminated her, presumably because these actions dissuaded, and ultimately prevented, her from taking further FMLA leave, in violation of 29 U.S.C. § 2614.

The FMLA entitles eligible employees to take up to twelve weeks of leave per year in order to care for a spouse, parent, or child of the employee that has a serious health condition or for the employee's own "serious health condition that makes the employee unable to perform the functions of [her] position." 29 U.S.C. §§2612(a)(1)(c), 2612(a)(1)(D), 2612(b). In order to state a *prima facie* claim for interference under the FMLA, plaintiff must demonstrate that (1) he was an eligible employee under the FMLA; (2) defendant is an employer under the FMLA; (3) plaintiff was entitled to leave under the FMLA; (4) plaintiff gave notice to defendant of his intention to take leave; and (5) plaintiff was denied benefits to which he was entitled under the FMLA. *Rice v. Wayne County*, 2010 U.S. Dist. LEXIS 125939 at *6 (W.D.N.Y. Nov. 30, 2010).

It is undisputed that plaintiff took leave three times, once for her son's surgery and twice for a personal medical condition. Two days of the first leave and all of the subsequent leaves were reported as "sick days" rather than FMLA leave pursuant to 29 C.F.R. 825.207(a). After each of her leaves, plaintiff was allowed to return to her position as bus driver for the District and no further requests for leave were made thereafter. Plaintiff has not produced any evidence that she was denied any benefit to which she was entitled or that she was planning to make a further

request for leave from the District. Furthermore, while she was disciplined and subsequently fired, allegedly for exercising her rights under the FMLA, courts in this circuit have consistently held that these types of claims constitute retaliation and not interference. *See Potenza v. City of New York*, 365 F.3d 165 (2d Cir. 2004) (holding that interference and retaliation are two separate theories that can be advanced under the FMLA and that termination is evidence of retaliation); *LeClair v. Berkshire Union Free School District*, 2010 U.S. Dist. LEXIS 114835 at * 15 (N.D.N.Y. Oct. 28, 2010) ("Plaintiff's theory of interference by termination is merely a retaliation theory in disguise"); *Di Giovanna v. Beth Israel Med. Center*, 651 F. Supp. 2d 193, 203 (S.D.N.Y. 2009) (holding that plaintiff's interference claim "really is no more than an effort to dress [his] retaliation claim in (barely) different clothing"). Accordingly, plaintiff's FMLA interference claim must be dismissed.

## CONCLUSION

For the reasons stated above, the District's motion to dismiss the complaint in part (Dkt. #4) is granted, and plaintiff's FLMA interference claim is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 22, 2011.